7-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiffs
DAMPSKIBSSELSKABET NORDEN A/S and
NORIENT PRODUCT POOL A/S
80 Pine Street
New York, NY  10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DAMPSKIBSSELSKABET NORDEN A/S and
NORIENT PRODUCT POOL A/S,

                         Plaintiffs,

    -against-

SPECTRUM RESOURCES GMBH a/k/a SPECTRUM
TRADING UK LTD a/k/a SPECTRUM RESOURCES LTD.,

                         Defendant.
------------------------------------------------------------------x

08 Civ _____ (____)

**VERIFIED COMPLAINT**

    Plaintiffs, DAMPSKIBSSELSKABET NORDEN A/S (hereinafter "NORDEN") and NORIENT PRODUCT POOL A/S (hereinafter "NORIENT"), for their Verified Complaint against Defendant SPECTRUM RESOURCES GMBH a/k/a SPECTRUM TRADING UK LTD a/k/a SPECTRUM RESOURCES LTD. (hereinafter "SPECTRUM") allege upon information and belief as follows:

    1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff NORDEN was and still is a foreign business entity under the laws of a foreign country with an address at 49, Amaliegade, DK-1256 Copenhagen K, Denmark.

3. At all times material hereto, Plaintiff NORIENT was and still is a foreign business entity under the laws of a foreign country with an address at 49, Amaliegade, DK-1256 Copenhagen K, Denmark.

4. At all times relevant hereto, Defendant SPECTRUM was and still is a foreign business entity duly organized and existing under the laws of a foreign country with addresses at Unit A, 5 Colville Road, Atcon, London W3 8BL, England and Baarerstrasse 135 Train 6300 Zug, Switzerland.

5. On or about May 12, 2007, Plaintiff NORIENT, as agent on behalf of Plaintiff NORDEN, the owner of the M/V ACOR, entered into a maritime contract of charter party with Defendant SPECTRUM, as charterer.

6. Under the charter, demurrage was payable by Defendant SPECTRUM at a rate of $26,000 per day pro rata.

7. Plaintiff NORIENT duly tendered the vessel into the service of Defendant SPECTRUM and fully performed its obligations as required under the charter.

8. In breach of the terms of the charter party, and despite due demand, Defendant SPECTRUM has refused and/or otherwise failed to pay demurrage due and outstanding under the charter party, and the entire amount of $192,500 remains due and owing.

9. The charter party provides for the application of English law and disputes between the parties to be subject to London arbitration or suit in the English High Court, and Plaintiffs specifically reserve their right to arbitrate or litigate the substantive matters at issue. English proceedings have been or will shortly be commenced.

10. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiffs claims made or to be made in London arbitration or in English litigation under English law, as agreed by the parties.

11. As a regular feature of English law, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration or proceedings, and interest, all of which constitutes a part of the Plaintiffs' main claim and the amount sued for herein.

12. Plaintiffs estimate, as nearly as can presently be computed, that the legal expenses and costs of prosecuting their claims in England will be $110,000. Interest anticipated to be awarded is estimated to be $28,659.74 (calculated at the rate of 7% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in England).

13. In all, the claim for which Plaintiffs sue in this action, as near as presently may be estimated, totals **$ 331,159.74**, no part of which has been paid by Defendant SPECTRUM. Plaintiffs specifically reserve their right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure Plaintiffs.

**Request for Rule B Relief**

14. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiffs believe that Defendant has, or will shortly have, assets

within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant SPECTRUM RESOURCES GMBH a/k/a SPECTRUM TRADING UK LTD a/k/a SPECTRUM RESOURCES LTD. (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

15. The total amount sought to be attached pursuant to the above is **$331,159.74**.

WHEREFORE, Plaintiffs DAMPSKIBSSELSKABET NORDEN A/S and NORIENT PRODUCT POOL A/S pray:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$331,159.74** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant SPECTRUM RESOURCES GMBH a/k/a SPECTRUM TRADING UK LTD a/k/a SPECTRUM RESOURCES LTD., including but not limited to ASSETS in its name and/or being transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such

other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award or judgment entered against the Defendant in the English proceedings; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
January 7, 2008

                   FREEHILL HOGAN & MAHAR, LLP
                   Attorneys for Plaintiffs
                   DAMPSKIBSSELSKABET NORDEN A/S and
                   NORIENT PRODUCT POOL A/S

By: _____
      Michael E. Unger (MU 0045)
      80 Pine Street
      New York, NY 10005
      (212) 425-1900

## ATTORNEY VERIFICATION

State of New York  )
                   ) ss.:
County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am an associate with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiffs in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our clients and/or by solicitors representing our clients.

3. The reason this verification is made by an attorney and not by the Plaintiffs is because the Plaintiffs are foreign entities, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
7th day of January 2008

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010